

**FILED**

AUG 2 9 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: LIVINGSOCIAL MARKETING AND
SALES PRACTICES LITIGATION                             MDL No. 2254

## TRANSFER ORDER   C-11-2094-TEH

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Hungry Machine, Inc. d/b/a LivingSocial (LivingSocial) moves for centralized pretrial proceedings of this litigation in the District of the District of Columbia. Plaintiffs in all five actions, as listed on Schedule A,[1] support the motion. Retailer defendant Jack's Canoes & Kayaks, LLC d/b/a/Jack's Boathouse, a defendant in only the District of Columbia action, did not respond to the motion.

On the basis of the papers filed and the hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions regarding LivingSocial's sale of gift certificates/vouchers with allegedly improper expiration dates and other objectionable provisions (e.g., requirements that gift certificates be used in a single transaction, that cash refunds will not be made for unused portions, and not more than one gift certificate can be redeemed at one time). Plaintiffs contend that LivingSocial and, in the District of Columbia action, the retailer defendant's sale of the gift certificates/vouchers violate the federal Credit Card Accountability, Responsibility, and Disclosure Act as incorporated in the Electronic Funds Transfer Act, as well as state consumer protection laws. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We have selected the District of the District of Columbia, which all parties agree is the most appropriate forum, as the transferee district for this litigation. LivingSocial is headquartered in the District of Columbia and, accordingly, the majority of relevant documents and witnesses are located there.

---

[*] Judges John G. Heyburn II, Paul J. Barbadoro, and Marjorie O. Rendell took no part in the decision of this matter.

[1] LivingSocial has notified the Panel of one related action pending in District of Minnesota. This action and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of the District of Columbia are transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Ellen Segal Huvelle for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.  Frank C. Damrell, Jr.
Barbara S. Jones

IN RE: LIVINGSOCIAL MARKETING AND
SALES PRACTICES LITIGATION MDL No. 2254

## SCHEDULE A

Northern District of California

Sarah Gosling v. Hungry Machine, Inc., C.A. No. 3:11-02094

Southern District of California

Kimberly Pullman v. Hungry Machine, Inc., C.A. No. 3:11-00846

District of District of Columbia

Melissa Forshey v. LivingSocial, Inc., et al., C.A. No. 1:11-00745

Southern District of Florida

Mandy Miller v. LivingSocial, C.A. No. 0:11-60519

Western District of Washington

Dawn Abbott, et al. v. LivingSocial, Inc., C.A. No. 2:11-00253